DILLON, Defendant in Error, v. WILSON, Plaintiff in Error.

1. An offer to pay money by way of compromise is no evidence of indebtedness on the part of him making the offer.
2. Where husband and wife, after their marriage, abandon the possession of premises occupied by the wife previous to her marriage free of rent, and upon which she had a growing crop at the time of her marriage, and, after such abandonment of the premises and crop, the husband converts to his own use the crop, he will not thereby be rendered liable for the *rent* of the premises.

### Error to Osage Circuit Court.

This action was originally commenced before a justice of the peace. Judgment having been rendered for plaintiff, an appeal was taken to the Circuit Court. It appeared in evidence at the trial that the wife of defendant, Wilson, previous to her marriage, was in possession of, and cultivated a piece of ground belonging to Dillon; that she paid no rent to said Dillon for said premises; that she sowed a field of wheat upon said premises, and intermarried with defendant (Wilson) before said wheat was ready for harvesting. Wilson cut and appropriated the wheat when ripe. It also appeared that while Wilson was cutting the wheat, he told Dillon that he would pay him a dollar per acre to settle the matter. It does not appear that this offer was accepted. The court, on its own motion, gave the following instruction: "Though Dillon may have contracted with the defendant's wife, before her marriage with the defendant, that she should occupy the premises free from rent upon the condition that she should remain on the premises and take care of them, yet if the defendant married Mrs. Page, and they abandoned the care of the place, and her husband took and converted the growing crop to his own use, then they will find for the plaintiff (Dillon) the value of the rent of the ground cultivated, allowing the defendant a reasonable deduction for the time the premises may have been taken care of by his wife." Defendant duly excepted. Other instructions were given and

refused. It is unnecessary to set them forth. The jury found for plaintiff.

*J. W. Morrow*, for plaintiff in error.

*Parsons*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

If the plaintiff relied for a recovery on a contract made by the wife of the defendant while she was single, then the wife was a necessary party to the suit. The offer of the defendant to pay rent was not binding on him, unless it was accepted by the plaintiff; and an offer to pay money by way of compromise is no evidence of indebtedness on the part of him making the offer. If, after her marriage, Mrs. Wilson and her husband abandoned the premises and the crop also, then the defendant Wilson had no right afterwards to take the crop; and if he did, he is liable for the value of it in damages. Mrs. Wilson's marriage was no forfeiture of her lease or her crop; and if afterwards she went and lived with her husband, that would not deprive her of her right to the crop. Such a construction of the contract would be unreasonable. The premises could have been protected without an actual residence upon them; and though there is so much stress laid in the instructions upon her leaving the land, there is not a particle of evidence that the plaintiff sustained any the least damage by reason of her absence, unless he was injured by his own horses destroying her little crop. If a landlord should say to a widow, "go upon my land, rent free, and take care of it," and she should do so, and sow a crop, and when it was ripe, or nearly so, she should think proper to marry and go and live with her husband, would any thing be harder than to construe this a forfeiture of her rights under the permission to live upon the land? The instruction given by the court, at its own instance, was erroneous, inasmuch as it directed the jury that Wilson was liable for the rent if he converted the wheat to his own use. According to the contract with Mrs. Wilson no rent was to be paid. If

Wilson and his wife had abandoned the crop, and given it up to Dillon, and Wilson afterwards took it, and converted it to his own use, he was liable in damages for the worth of the crop ; but on no ground would he thereby make himself liable for the rent of the premises.

The instructions assume that Mrs. Wilson may have left Dillon's land before harvest. The only evidence in the record in relation to that matter is, that defendant and Mrs. Wilson, after their marriage, left the plaintiff's place some time after harvest. This is found at the close of Nauman's testimony.

We have not deemed it necessary to review the many instructions that are found in the record, being of opinion that what has been said will be sufficient to determine this controversy in a future trial.

The judgment will be reversed, and the cause remanded, with the concurrence of the other judges.